UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| CARRIE YOUNG | CIVIL ACTION NO. 6:24-CV-01589 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| STATE FARM FIRE & CASUALTY CO | MAGISTRATE JUDGE DAVID J. AYO |

**REPORT AND RECOMMENDATION**

Before this Court is a MOTION TO REMAND filed by Plaintiff Carrie Young. (Rec. Doc. 8). Defendant State Farm Mutual Automobile Insurance Agency filed an opposition (Rec. Doc. 14) to which Young replied (Rec. Doc. 15). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, the Court recommends that the instant motion be DENIED.

**Factual Background**

Young filed suit against State Farm on March 26, 2024 in the 15th Judicial District Court, Lafayette Parish, Louisiana. (Rec. Doc. 1-2). The petition alleged losses to property located in Youngsville, Louisiana caused by an April 13, 2022 windstorm. (*Id.* at ¶¶ 5, 7). Young named State Farm as the operative insurer of her damaged property,[1] alleging State Farm failed to timely adjust her claim and timely remit those amounts known to be due thereunder in violation of La. R.S. §§ 22:1973 and 1892. (*Id.* at ¶¶ 13, 34, 39 56-60).

State Farm removed the case to this Court on November 11, 2024 based on diversity jurisdiction. (Rec. Doc. 1). State Farm further alleged that the removal was timely because it was filed within 30 days of its receipt of an amended pleading from which it was first

---

[1] Young alleges the property is insured under State Farm homeowners' policy No. 18-E8-3624-8.

ascertained this case had become removable. (*Id.*). Young filed the instant motion seeking remand based on the alleged untimeliness of removal because the notice of removal was filed more than thirty days after (1) State Farm "believed, as discussed in its own filings, that the amount in controversy exceeded $75,000 as of the estimate it received on March 4, 2024," (2) State Farm "was notified of the Plaintiff's revocation of prior estimates regarding the amount of damages as of May 23, 2024," and (3) State Farm received "Plaintiff's Motion for Leave to File Amended Petition for Damages and accompanying First Amended Petition." (Rec. Doc. 8, p. 2).

## **Law and Analysis**

Federal district courts have original jurisdiction over cases involving a federal question pursuant to 28 U.S.C. § 1331, and those in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000 pursuant to 28 U.S.C. § 1332. Courts may also exercise or decline to exercise supplemental jurisdiction over certain cases. 28 U.S.C. § 1367; *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.,* 485 F.3d 804, 810 (5th Cir. 2007). A notice of removal may assert the amount in controversy if the plaintiff's initial pleading seeks a money judgment, but Louisiana law does not permit a demand for a specific sum. 28 U.S.C. § 1446(c)(2)(A)(ii); LA. CODE CIV. PROC. ANN. art. 893. Removal of such an action is proper on the basis of an amount in controversy asserted in the notice of removal "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000 exclusive of interest and costs. 28 U.S.C. §§ 1446(c)(2)(B) and 1332(a). The burden is on the removing party to show that removal is proper, and any doubts should be resolved against federal jurisdiction. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014).

The parties do not dispute and this Court agrees that the parties are diverse in citizenship and that the amount in controversy exceeds $75,000. (Rec. Docs. 3, 10). The

remaining issue is whether State Farm timely filed its Notice of Removal. Generally, a defendant may remove a case within 30 days of service of a pleading indicating that removal is proper. 28 U.S.C. §1446(b)(1). When the initial pleading does not indicate whether removal is proper, the defendant may remove the case within 30 days "after receipt…through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §1446(b)(3).

In *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 210 (5th Cir. 2002), the Fifth Circuit discussed the differing standards for removal based upon the initial pleading under Section 1446(b)(1) and removal based upon the receipt of subsequent pleadings or "other paper" under Section 1446(b)(3). Under Section 1446(b)(1), the 30-day time limit commencing with the initial pleading is triggered "only when that pleading *affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Id*. (emphasis in original). By contrast, § 1446(b)(3), governs notices of removal based on "a copy of an amended pleading, motion, order or other paper from which it *may first be ascertained* that the case is one which is or has become removable." *Id*. "Ascertain" means "to make certain, exact, or precise" or "to find out or learn with certainty." *Id*.

Thus, the 30-day time limit commencing with the receipt of subsequent pleading or "other paper" is triggered by receipt of information which is "unequivocally clear and certain." *Id*. Holding that the latter standard is clearer than the former, the court reasoned:

> This clearer threshold promotes judicial economy. It should reduce "protective" removals by defendants faced with an equivocal record. It should also discourage removals before their factual basis can be proven by a preponderance of the evidence through a simple and short statement of the facts. In short, a bright-line rule should create a fairer environment for plaintiffs and defendants.

3

*Id.* at 211 (adopting the Tenth Circuit's approach in *DeBry v. Transamerica Corp.,* 601 F.2d 480 (10th Cir. 1979)("[I]f the statute is going to run, the notice ought to be unequivocal" and "should not be one which may have a double design.")).

An "other paper" which requires a defendant's "independent research in order to ascertain the amount in controversy," is not "unequivocally clear and certain." *Id.* Further, other courts have noted that an "other paper" is not "clear and unequivocal" if determining the amount in controversy requires a defendant to conduct additional investigation, dissect medical records, or examine previous jury awards. *See Elkins v. Bradshaw*, 2019 WL 2096126, at *4, (M.D. La. 2019) ("[I]f a defendant has to analyze and dissect medical treatment records to divine whether the nature and cause of a plaintiff's injuries satisfy the amount in controversy requirement, then those papers do not suffice to trigger the 30 day time period."); *Chandler v. Ruston Louisiana Hospital Co.*, LLC, 2014 WL 1096365, at *5 (W.D. La. 2014) (stating that a defendant need not "analyze and dissect medical treatment records" to determine the amount disputed); S*mith v. Wal-Mart Louisiana, LLC*, 2013 WL 4781778 (W.D. La. 2013) (finding that recommendation for cervical disc surgery, in the absence of a specific damages estimate, did not trigger second 30-day removal period).

The following is clear from the record and undisputed by the parties. Young's petition did not affirmatively establish an amount in controversy exceeding $75,000 and did not set forth the amount of alleged damages. (Petition, Rec. Doc. 1-2). On May 21, 2024, Young executed and filed an "Irrevocable and Binding Stipulation" in state court stating "the total amount in controversy as to any and all causes of action do not exceed $75,000.00, so as to render the demand below the jurisdictional amount required to remove this matter to federal court pursuant to 28 U.S.C. § 1332(a)." (Rec. Doc. 1-3). On September 23, 2024, Young filed a Motion for Leave to File an Amending Petition in state court stating the following:

4

> The amendment seeks to include additional allegations which equal roughly $30,000 in damages discovered after the initial filing. The newfound damages were not accounted for in the original petition, which referenced damages stipulated to on May 17, 2024. This motion additionally seeks to tacitly revoke the stipulation that damages sustained were less than $75,000. Plaintiff sought consent from State Farm to file the instant motion; however, this motion is opposed.

(Rec. Doc. 1-4). On November 7, 2024, Judge David Smith in the 15th Judicial District Court, Parish of Lafayette issued an order granting Young's motion for leave to file an amended petition and revoking the Irrevocable and Binding Stipulation that the total amount in controversy did not exceed $75,000. (Rec. Doc. 1-6). State Farm removed this matter on November 19, 2024. The parties dispute the timing and sufficiency of the amended pleading as the "other paper" triggering State Farm's.

Young claims that State Farm had notice of the removability of this case upon receipt of (1) the estimate it received on March 4, 2024 before the suit was filed on March 26, 2024, (2) the notification it received on May 23, 2024 from Young's counsel that a new estimate had been received from Young's contractor, Assurance Roofing, for $56,780.33, and that all prior estimates were invalid prior estimates, and (3) Young's Motion for Leave to File Amended Petition for Damages and accompanying First Amended Petition filed on September 23, 2024 seeking to revoke the stipulation that the damages did not exceed $75,000. (Rec. Doc. 8-2, pp. 2, 3). Thus, Young argues that State Farm had 30 days from "as early as" March 4, 2024 or as late as September 23, 2024, to remove this matter, but that State Farm did not remove the case until November 19, 2024, making removal untimely.

State Farm asserts that since the original petition did not state the amount in controversy:

> In an effort to determine if removing the case to federal court was an option, State Farm, through its counsel, contacted the plaintiff's attorney to discuss the value of the case. On May 17, 2024, the plaintiff signed an "Irrevocable and Binding Stipulation" confirming "the total amount in controversy as to any and all causes of action do not exceed $75,000.00, so as to render the demand below

5

the jurisdictional amount required to remove this matter to federal court pursuant to 28 U.S.C. §1332(a). The stipulation was filed with the 15th JDC on May 21, 2024. In total reliance on that judicial admission by the plaintiff as to the value of the case, State Farm filed its Answer in the 15th JDC on May 28, 2024, without a request for Removal.

(Rec. Doc. 14, p. 4).

State Farm further argues that the Irrevocable and Binding Stipulation serves "as a judicial admission by the plaintiff that has the force of law" and that until Young "was allowed to amend her original Petition with the State Court, and the 'Irrevocable and Binding Stipulation' was revoked by the State Court, there was no 'other paper' which would have begun the second removal period." (*Id.*, p. 5). State Farm alleges that this did not occur until November 9, 2024 when Judge Smith signed the order revoking the stipulation, thereby making the removal filed on November 19, 2024 timely.

This Court finds that State Farm's Notice of Removal and brief opposing the instant motion reveal appropriate effort at determining the nature and extent of Young's claimed damages. (Rec. Docs. 1, 14). After being served with a petition which did not affirmatively reveal on its face that Young was seeking damages in excess of the minimum jurisdictional amount, State Farm contacted Young's counsel "prior to the expiration of the initial 30 days following service, and the plaintiff's attorney agreed the claims did *not* exceed $75,000, and therefore would not be within the federal court's jurisdiction." (Rec. Doc. 14, p. 5). The Irrevocable and Binding Stipulation was signed by Young and filed in state court on May 21, 2024 stating that the value of any and all claims did not exceed $75,000. (Rec. Doc. 1-3). Apparently, Young received another estimate within days of executing the stipulation and notified State Farm of the new estimate and then filed a Motion for Leave to File Amended Petition for Damages and accompanying First Amended Petition on September 23, 2024 seeking to revoke the stipulation. However, until November 7, 2024, when Judge Smith granted Young's motion for leave to file an amended petition and revoked the "Irrevocable

6

and Binding Stipulation that the total amount in controversy as to any and all causes of action do not exceed $75,000," it was not certain that the jurisdictional amount exceeded $75,000 for this Court to have jurisdiction. (Rec. Doc. 1-6).

Accordingly, this Court finds that the order revoking the stipulation started the 30-day time period in which State Farm could remove the case to federal court. While the new estimate indicated that Young sought additional damages and the motion for leave to file the amended pleading revoking the stipulation indicated that Young sought to revoke the stipulation, it only became "unequivocally clear and certain" that the case was removable after the Irrevocable and Binding Stipulation was formally revoked. State Farm removed the case to this court on November 19, 2024, within 30 days of the order revoking the stipulation.

Based on the totality of the record, State Farm has shown that removal was timely and that federal jurisdiction exists.

## Conclusion

For the reasons discussed herein, this Court recommends that the MOTION TO REMAND (Rec. Doc. 8) filed by Plaintiff Carrie Young be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar

an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

**THUS DONE** in Lafayette, Louisiana on this 14th day of July, 2025.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**